# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| M.S.P.C., et al.,        ) | |
|        ) | |
|      Plaintiffs,       ) | |
|        ) | |
|      v.        ) | |
|        ) | Civil Action No. 14-1437-ABJ |
| JEH JOHNSON, Secretary of Homeland       ) | |
| Security, et al.,       ) | |
|        ) | |
|      Defendants.       ) | |
|        ) | |
|        ) | |

## MOTION TO DISMISS

Plaintiffs filed a Complaint for Injunctive and Declaratory Relief ("Complaint") against

Defendants, Jeh Johnson, Secretary of Homeland Security ("DHS"); Eric H. Holder, Jr.,

Attorney General of the United States; Thomas S. Winkowski, Principal Deputy Assistant

Secretary for U.S. Immigration and Customs Enforcement ("ICE"); Leon Rodriguez, Director,

U.S. Citizenship and Immigration Services ("USCIS"); R. Gil Kerlikowske, Commissioner, U.S.

Customs and Border Protection ("CBP"); and Martin E. Zelenka, ICE Assistant Field Office

Director, Artesia Family Residential Center.  Plaintiffs ask the Court to "[d]eclare contrary to

law the system of expedited removal" being applied by Defendants at the Artesia Family

Residential Center, and to enjoin Defendants from continuing to implement this "unlawful

system of expedited removal at the Artesia detention facility."  Complaint at 57 (Prayer for

Relief).  Plaintiffs' requested relief is moot[1] and, therefore, this Court lacks jurisdiction over Plaintiffs' Complaint.  Alternatively, Plaintiffs' complaint fails to state a claim as a matter of law and should be dismissed.

Defendants respectfully move to dismiss this action pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).  For all of the reasons more fully explained in Defendant's accompanying Memorandum of Points and Authorities, Plaintiffs' Complaint should be dismissed.

---

[1] Counsel for the Government has discussed with counsel for Plaintiffs that the Artesia detention facility will cease operations by December 31, 2014, and that all of the Plaintiffs had received positive "credible fear" determinations, rendering Plaintiffs' complaint moot.  Plaintiffs' counsel has declined to voluntarily dismiss the complaint, requiring Defendants to file this motion to seek relief from the Court.

Dated: December 18, 3014

RONALD C. MACHEN JR.
D.C. BAR # 447889
United States Attorney for
  the District of Columbia

DANIEL F. VAN HORN
Chief, Civil Division
D.C. Bar #924092

BY: /s/ *Wynne P. Kelly*
WYNNE P. KELLY
Assistant United States Attorney
555 Fourth St., N.W.
Washington, D.C.  20530
Wynne.Kelly@usdoj.gov
Phone: (202) 252-2545

Respectfully submitted,

JOYCE R. BRANDA
Acting Assistant Attorney General
Civil Division

LEON FRESCO
Deputy Assistant Attorney General
Civil Division

WILLIAM C. PEACHEY
Director, District Court Section
Office of Immigration Litigation

ELIZABETH J. STEVENS
Assistant Director, District Court Section
Office of Immigration Litigation

BY: /s/ *Sarah B. Fabian*
    SARAH B. FABIAN
    Trial Attorney, District Court Section
    Office of Immigration Litigation
    Civil Division, U.S. Department of Justice
    P.O. Box 868, Ben Franklin Station
    Washington, D.C.  20044
    Phone: (202) 532-4824
    Fax: (202) 616-8962
    Sarah.B.Fabian@usdoj.gov

    Attorneys for Defendants

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| M.S.P.C., et al., ⟩ | |
| ⟩ | |
| Plaintiffs, ⟩ | |
| ⟩ | |
| v. ⟩ | Civil Action No. 14-1437-ABJ |
| ⟩ | |
| JEH JOHNSON, Secretary, U.S. Department ⟩ | |
| of Homeland Security, et al., ⟩ | |
| ⟩ | |
| Defendants. ⟩ | |
| ⟩ | |
| ⟩ | |

**DEFENDANTS' MEMORANDUM OF POINTS**
**AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS**

Plaintiffs filed a Complaint for Injunctive and Declaratory Relief ("Complaint") against Defendants, Jeh Johnson, Secretary of Homeland Security ("DHS"); Eric H. Holder, Jr., Attorney General of the United States; Thomas S. Winkowski, Principal Deputy Assistant Secretary for U.S. Immigration and Customs Enforcement ("ICE"); Leon Rodriguez, Director, U.S. Citizenship and Immigration Services ("USCIS"); R. Gil Kerlikowske, Commissioner, U.S. Customs and Border Protection ("CBP"); and Martin E. Zelenka, ICE Assistant Field Office Director, Artesia Family Residential Center ("Artesia"). Plaintiffs ask the Court to "[d]eclare contrary to law the system of expedited removal" being applied by Defendants at Artesia, and to enjoin Defendants from continuing to implement this "unlawful system of expedited removal at the Artesia detention facility." Complaint at 57 (Prayer for Relief).

Defendants respectfully move to dismiss this action pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).[2]  Plaintiffs' requested relief is moot because Artesia will be closed by December 31, 2014.  Moreover, all Plaintiffs have been found to have a credible fear by USCIS or by an immigration judge, and have been placed into removal proceedings before an immigration judge.  Therefore, because all of the relief Plaintiffs requested has been provided, their Complaint is moot and this Court lacks subject matter jurisdiction over Plaintiffs' claims. In addition, the Complaint fails to state a claim for any due process violation because the Plaintiffs are arriving aliens who do not have due process rights with regard to their applications for admission.  Thus, even if the Court finds that the case is not moot, Plaintiffs' constitutional claims should be dismissed.

## BACKGROUND

Plaintiffs filed their Complaint on August 22, 2014.  The Complaint alleges that each of the ten Plaintiffs claimed a fear of returning to his or her home country and that, at the time the Complaint was filed, none of them had received a positive credible fear determination. Complaint ¶¶ 14-20.  The Complaint challenges what Plaintiffs allege are new procedures and policies that were in place at Artesia governing Plaintiffs' expedited removal proceedings and assertion of their asylum claims.  Plaintiffs ask the Court to "[d]eclare contrary to law the system of expedited removal" being applied by Defendants at Artesia, and to enjoin Defendants from continuing to implement this "unlawful system of expedited removal at the Artesia detention facility."  Complaint at 57.

---

[2]  Because of recent developments, Plaintiffs' Complaint is moot, and Defendants move to dismiss on that basis. Defendants also move to dismiss the Complaint on the basis that it fails to state a claim in order to preserve that argument should the Court determine that the Complaint is not moot.  If the Court concludes that the Complaint is not moot, Defendants intend to move to dismiss the Complaint on additional jurisdictional bases.

Standards and procedures relating to expedited removal and screening for possible eligibility for asylum and other forms of protection from removal are governed by statute and by implementing regulations.  Within the expedited removal framework, if an individual alien indicates an intention to apply for asylum or expresses a fear of persecution, torture, or returning to her native country, a USCIS asylum officer interviews the alien and determines whether she has a credible fear of persecution or torture.  8 U.S.C. § 1225(b)(1)(B)(ii); 8 C.F.R. §§ 208.30, 235.3(b)(4).  A "credible fear" exists if there is a significant possibility, taking into account the credibility of the statements made by the alien in support of the alien's claim and such other facts as are known to the officer, that the alien could establish eligibility for asylum under 8 U.S.C. § 1158, withholding of removal under 8 U.S.C. § 1231(b)(3), or withholding or deferral of removal under the Convention Against Torture ("CAT").  *See* 8 U.S.C. § 1225(b)(1)(B)(v), 8 C.F.R. § 208.30(e)(2)-(3).  If the asylum officer determines the alien does not have a credible fear of persecution or torture, the alien may request review of that determination by an immigration judge.  *See* 8 U.S.C. § 1225(b)(1)(B)(iii)(III); 8 C.F.R. § 1003.42(d).  The review by an immigration judge is conducted *de novo* and includes an opportunity for the alien to be heard and questioned by the immigration judge, who also may receive into evidence any relevant oral or written statement.  8 U.S.C. § 1225(b)(1)(B)(iii)(III); 8 C.F.R. §§ 1003.42(c) and (d).

If either the asylum officer or the immigration judge determines that the alien does have a credible fear of persecution or torture, expedited removal proceedings are terminated and the alien is referred for non-expedited removal proceedings under 8 U.S.C. § 1229a.  *See* 8 C.F.R. § 208.30(f).  If both the asylum officer and the immigration judge determine that the alien does not have a credible fear of persecution or torture, the alien is removed from the United States.  8 U.S.C. § 1225(b)(1)(B)(iii).  The alien receives no further review of the "no credible fear"

3

determination, from either the Board of Immigration Appeals ("BIA") or the courts. 8 U.S.C. §§ 1225(b)(1)(C), 1252(a)(2)(A)(iii); 8 C.F.R. § 1003.42(f) ("No appeal shall lie from a review of an adverse credible fear determination made by an immigration judge.").

Since the Complaint was filed, Plaintiff R.E.C.G. had an initial credible fear interview and received a positive credible fear determination. *See* Declaration of Robert L. Daum ("Daum Decl.") ¶ 7 (attached hereto as Exhibit A). Each of the nine remaining Plaintiffs has had his or her negative credible fear determination reconsidered or has had his or her negative credible fear determination reviewed by an immigration judge. *See* Daum Decl. ¶¶ 3, 4, 5, 6, 8, 9, 10; Declaration of Lisa M. Flanagan ("Flanagan Decl.") ¶ 3 (attached hereto as Exhibit B). Upon reconsideration, seven of these Plaintiffs were found to have established a credible fear of persecution or torture, and were therefore placed into removal proceedings before an immigration judge. *See* Daum Decl. ¶¶ 3, 4, 5, 6, 7, 8; Flanagan Decl. ¶ 4. The remaining two Plaintiffs were found by an immigration judge to have established a credible fear of persecution or torture and were therefore placed into removal proceedings in immigration court. *See* Daum Decl. ¶¶ 9, 10; Declaration of Jean King ("King Decl.") ¶¶ 2, 3 (attached hereto as Exhibit C).

In addition, on November 18, 2014, ICE announced its intention to close Artesia. *See* Declaration of Philip T. Miller ("Miller Decl.") ¶ 2 (attached hereto as Exhibit D). The facility will be closed, and all residents will be moved to alternate facilities, by December 31, 2014. *Id.* ¶ 3. It is not foreseeable that families will be housed at Artesia after December 31, 2014. *Id.* ¶ 5.

## STANDARD OF REVIEW

**A.** **Federal Rule of Civil Procedure 12(b)(1) - Lack of Subject Matter Jurisdiction**

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) "presents a threshold challenge to the Court's jurisdiction," and thus "the Court is obligated to determine whether it

has subject-matter jurisdiction in the first instance." *Curran v. Holder*, 626 F. Supp. 2d 30, 32

(D.D.C. 2009) (internal citation and quotation marks omitted).  "[I]t is presumed that a cause lies

outside [the federal courts'] limited jurisdiction," *Kokkonen v. Guardian Life Ins. Co. of Am.*,

511 U.S. 375, 377 (1994), unless the plaintiff can establish by a preponderance of the evidence

that the Court possesses jurisdiction.  *See, e.g.*, *U.S. ex rel. Digital Healthcare, Inc. v. Affiliated

Computer*, 778 F. Supp. 2d 37, 43 (D.D.C. 2011) (citing *Hollingsworth v. Duff*, 444 F. Supp. 2d

61, 63 (D.D.C. 2006)).  Thus, the "'plaintiff's factual allegations in the complaint . . . will bear

closer scrutiny in resolving a 12(b)(1) motion than in resolving a 12(b)(6) motion for failure to

state a claim.'" *Id.* (quoting *Grand Lodge of Fraternal Order of Police v. Ashcroft*, 185 F. Supp.

2d 9, 13-14 (D.D.C. 2001) (internal citation and quotation marks omitted)).

More specifically, a Rule 12(b)(1) motion to dismiss for lack of jurisdiction may be

presented as either a facial or factual challenge.  "A facial challenge attacks the factual

allegations of the complaint that are contained on the face of the complaint, while a factual

challenge is addressed to the underlying facts contained in the complaint." *Al-Owhali v.

Ashcroft*, 279 F. Supp. 2d 13, 20 (D.D.C. 2003) (internal quotations and citations omitted).

When a defendant makes a facial challenge, the district court must accept the allegations

contained in the complaint as true and consider the factual allegations in the light most favorable

to the non-moving party.  *Leatherman v. Tarrant Cnty. Narcotics Intelligence & Coordination

Unit*, 507 U.S. 163, 164 (1993); *see also Erby v. United States*, 424 F. Supp. 2d 180, 182 (D.D.C.

2006).  With respect to a factual challenge, the district court may consider materials outside of

the pleadings to determine whether it has subject matter jurisdiction over the claims.  *Jerome

Stevens Pharmacy, Inc. v. FDA*, 402 F.3d 1249, 1253 (D.C. Cir. 2005).  The plaintiff bears the

burden of establishing the factual predicates of jurisdiction by a preponderance of evidence. *Erby*, 424 F. Supp. 2d at 182.

A case is considered moot either "when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome." *Powell v. McCormack*, 395 U.S. 486, 496 (1969). Because federal courts are courts of limited jurisdiction, "a federal court has no authority to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it." *Church of Scientology of Cal. v. United States*, 506 U.S. 9, 12 (1992).

## B. Federal Rule of Civil Procedure 12(b)(6) – Failure To State A Claim

When considering a motion to dismiss pursuant to Rule 12(b)(6), courts must accept as true all well-pleaded facts and allegations in the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Courts also "must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007) (citing 5B Wright & Miller § 1357 (3d ed. 2004 & Supp. 2007)); *see also Plumbers Local No. 200 Pension Fund v. Washington Post Co.*, 831 F. Supp. 2d 291, 294 (D.D.C. 2011); *Hamilton v. Rhee*, 770 F. Supp. 2d 241, 244 n.2 (D.D.C. 2011). Courts need not, however, accept a plaintiff's legal conclusions. *Iqbal*, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Additionally, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id*. at 679 (citing *Twombly*, 550 U.S. at 556).

6

## ARGUMENT

**A.** **This Case is Moot Because Artesia Will Close by December 31, 2014.**

Artesia will close by December 31, 2014.  *See* Miller Decl. ¶ 3.[3]  The closing of Artesia

moots Plaintiffs' claims in this case because Plaintiffs' claims, and the relief Plaintiffs seek, all

relate to what Plaintiffs allege is "the system of expedited removal Defendants are applying to

noncitizens detained at the Artesia detention facility."  Complaint at 57.[4]  A case becomes moot

when "events have so transpired that the decision will neither presently affect the parties' rights

nor have a more-than-speculative chance of affecting them in the future."  *Pharmachemie B.V. v.*

*Barr Labs.*, 276 F.3d 627, 631 (D.C. Cir. 2002).  This Court can take no action with regard to

any policies, procedures, or systems of expedited removal that may or may not have been applied

at Artesia that will affect any Plaintiffs' rights, because any such policies, procedures, or systems

will necessarily cease to exist upon the closing of the facility.  Miller Decl. ¶¶ 3-4.  Moreover,

there is no foreseeable reason to believe that the facility will be used to house alien families in

the future.  *Id.* ¶ 5.  While the facility may be used in the future in the event of an unexpected

influx of alien families or some other emergency circumstance as dictated by the Secretary of

Homeland Security, *id.*, any such future occurrence is purely speculative at this time.  Therefore,

the case is moot.

---

[3] *See also* "ICE's new family detention center in Dilley, Texas to open in December," available at, https://www.ice.gov/news/releases/ices-new-family-detention-center-dilley-texas-open-december.

[4] The allegations in Plaintiffs' Complaint all relate exclusively to Artesia, and to policies, procedures, and practices that Plaintiffs allege are in use by Defendants at that facility.  *See* Complaint ¶¶ 3-9, 43-48 (discussing the Artesia facility), 49-165 (discussing what Plaintiffs allege is a "new expedited removal system" based on changed policies and procedures in use by Defendants at Artesia).  Plaintiffs also specifically allege that those policies and procedures are different from practices at other facilities used to house families and other individuals subject to expedited removal.  Complaint ¶¶ 166-78.

**B.**     **This Case is Moot Because All Plaintiffs Have Received Positive Credible Fear Determinations.**

The case is also moot because Plaintiffs have already received all of the relief they requested in their Complaint.  Each Plaintiff requested, and was provided, the opportunity to be interviewed or to have their negative credible fear determination reconsidered by USCIS.  *See* Daum Decl. ¶¶ 3,-10; Flanagan Decl.  ¶¶ 3.  Through that process, and the related process provided for review of a negative credible fear determination by an immigration judge, each of the ten Plaintiffs has received a positive credible fear determination and has been placed into non-expedited removal proceedings before an immigration judge in accordance with the Immigration and Nationality Act and implementing regulations.  *See* Daum Decl. ¶¶ 3-10; Flanagan Decl. ¶ 4; King Decl. ¶¶ 2-3.  Plaintiffs' request that this Court "[i]ssue an order directing Defendants to provide each of the Plaintiffs a meaningful opportunity to apply for asylum, withholding of removal, and CAT relief before any removal order is executed, including a new credible fear interview and, if relevant, a new immigration judge credible fear review hearing," is therefore moot, because Plaintiffs have been placed into non-expedited removal proceedings where they have the opportunity to apply for asylum or other forms of relief, or for protection from removal such as withholding of removal and CAT relief.  Thus they have already received such relief, and more.  Because there is no further relief that this Court can provide to Plaintiffs, the case is moot and should be dismissed.

**C.**     **Even if the Case is Not Moot, the Constitutional Claims Should be Dismissed Because Plaintiffs Have No Constitutional Due Process Rights With Regard to Their Applications for Admission.**

Plaintiffs allege that Defendants have violated their Fifth Amendment due process rights through the practices and policies they allege have been implemented at Artesia.  Complaint ¶¶ 181-185.  While Plaintiffs allege the legal conclusion that they have "effected entry into the

United States" (Complaint ¶ 184), the facts alleged in the Complaint make clear that each of the Plaintiffs was apprehended "after they crossed the border into the United States."  Complaint ¶¶ 14-20.  No Plaintiff alleges that he or she maintained any sort of presence or substantial connection within the United States after his or her entry, and prior to his or her apprehension by the United States Border Patrol.  *Id.*

This Court has previously rejected a "systemic" challenge to the expedited removal system in *American Immigration Lawyers Association v. Reno*, 18 F. Supp. 2d 38 (D.D.C. 1998), *aff'd*, 199 F.3d 1352 (D.C. Cir. 2000) (hereinafter "*AILA*"), which was brought under the same statutory provision as the instant case, 8 U.S.C. § 1252(e)(3).[5]  There, the plaintiffs challenged regulations implementing the expedited removal system, and alleged in part that those regulations deprived them of their due process rights.  18 F. Supp. 2d at 43-44, 58.  Noting "the overwhelming case law, including that of this circuit, holding that initial entrants have no due process rights with respect to their admission[,]" this Court dismissed the due process claims brought by Plaintiffs in that case.  *Id.* at 58-60 ("[I]n view of long-standing precedent holding that aliens have no due process rights, the Court concludes that the alien plaintiffs here cannot avail themselves of the protections of the Fifth Amendment to guarantee certain procedures with respect to their admission.").  This rule applies today just as it did at the time this Court decided *AILA*, and the Court therefore should do the same here.

*AILA* follows more generally from this Circuit's longstanding precedent that arriving aliens – including aliens "physically allowed within" U.S. border "pending a decision of admissibility," – lack any due process concerning their immigration status.  *AILA*, 18 F. Supp. at 59 ("Because such aliens are not considered to be within the United States, but rather at the

---

[5]  8 U.S.C. § 1252(e)(3) provides very limited jurisdiction in this Court for individuals to bring systemic challenges to regulations or written policies related to the expedited removal system.

border, courts have long recognized that such aliens have no constitutional rights with respect to

their applications for admission.") (internal quotation marks omitted).  As the D.C. Circuit

recently reiterated, "[d]ecisions of the Supreme Court and of this court . . . hold that the due

process clause does not apply to aliens without property or presence in the sovereign territory of

the United States."  *Kiyemba v. Obama*, 555 F.3d 1022, 1026-27 (D.C. Cir. 2009) (citing

multiple cases dating back to 1950).  Given the political branches' plenary power over the

border, it "is not within the province of any court, unless expressly authorized by law, to review

the determination of the political branch of the Government to exclude a given alien." *United*

*States ex rel. Knauff v. Shaughnessy*, 338 U.S. 537, 543 (1950). For aliens at the border,

"[w]hatever the procedure authorized by Congress is, it is due process as far as an alien denied

entry is concerned."  *Id.*; *accord Rafeedie v. INS*, 880 F.2d 506, 520 (1989) ("an initial entrant

has no liberty (or other) interest in entering the United States, and thus has no constitutional right

to any process in that context; whatever Congress by statute provides is obviously sufficient, so

far as the Constitution goes.").

　　　　Although Plaintiffs here may have been apprehended shortly after illegally entering the

United States, such aliens are, for purposes of the immigration laws and the Fifth Amendment's

Due Process Clause, no different than arriving aliens seeking entry at a port of entry, and they

receive no greater procedural rights concerning their immigration status or eligibility to enter or

remain in the United States.  In the words of the Supreme Court, such aliens are "assimilated" to

the status of arriving aliens standing at the threshold of entry for constitutional purposes. *See*

*Kwong Hai Chew v. Colding***,** 344 U.S. 590, 591-92, 598-99 (1953) (finding regulation

permitting exclusion without hearing constitutional by limiting reach of regulation to "entrant

aliens and to those assimilated to their status"); *accord Shaughnessy v. United States ex rel.*

*Mezei*, 345 U.S. 206, 214 (1953) (upholding 19 month detention of arriving alien who was lawful permanent resident (LPR) when he left the United States because "[i]n such circumstances we have no difficulty in holding respondent an entrant alien or assimilated to that status for constitutional purposes"); *Barrera-Echavarria v. Rison*, 44 F.3d 1441, 1449 (9th Cir. 1995) (en banc) (describing *Mezei* as a case where the Supreme Court treated a returning LPR as "an entrant alien or assimilated to that status for constitutional purposes"); *M.S.P.C. v. U.S. Customs and Border Protection* --- F.Supp.3d ----, 2014 WL 6476125, at *16 (D.N.M. Oct. 16, 2014) ("Petitioner, who undisputedly crossed approximately nine miles over the border and was apprehended within 30 minutes of crossing, does not have any substantial ties to this country to place the nature of her rights near those of a permanent resident. Thus, for purposes of the constitutional right to due process, Petitioner's status is assimilated to that of an arriving alien. . . . Accordingly, Petitioner has no constitutional due process rights in relation to her admission beyond that authorized by Congress.").  For these aliens whose status is assimilated to that of an arriving alien, just as with arriving aliens, "whatever the procedure authorized by Congress is, it is due process as far as such an alien is concerned," and "it is not within the province of any court, unless expressly authorized by law, to review the determination of the political branch of the Government" respecting such an alien's admission.[6]  *U.S. ex rel. Knauff* , 338 U.S. 537, 542-44 (1950); *cf. Carlson v. Landon*, 342 U.S. 524, 537 (1952) (concluding Congress may place the

---

[6] The fact that each Plaintiff is in the process of pursing asylum claims does not affect the analysis. *See, e.g.*, *Ukrainian-American Bar Ass'n v. Baker*, 893 F.2d 1374, 1382 (D.C. Cir. 1990) (noting that asylum applicant who is "an alien seeking initial admission to the United States" "requests a privilege and has no constitutional rights regarding his application"); *Jean v. Nelson*, 727 F.2d 957, 981-82, 984 (11th Cir. 1984) (*en banc*) (holding that inadmissible Haitians had "no constitutional rights with respect to their applications for admission, asylum, or parole."), *aff'd on other grounds*, 472 U.S. 846 (1985); *AILA*, 18 F. Supp. 2d at 59 (collecting cases).

11

decision to exclude arriving aliens entirely within the discretion of Executive officers, with no judicial review).

Here, the Executive did precisely what Congress instructed it to do. Each Plaintiff acknowledges that he or she received a credible fear interview with an asylum officer, 8 U.S.C. § 1225(b)(1)(B)(ii), and, as applicable, a *de novo* review by an immigration judge. 8 U.S.C. § 1225(b)(1)(B)(iii)(III); 8 C.F.R. § 1003.42(d). Each Plaintiff has now been referred for a non-expedited removal proceeding under 8 U.S.C. § 1229a. See 8 C.F.R. § 208.30(f). Thus each Plaintiff has received the process provided by the INA and its implementing regulations with regard to his or her asylum claim, and the court can require no more.[7] *See Knauff*, 338 U.S. at 542-44; *Carlson*, 342 U.S. at 537.

---

[7] *See M.S.P.C.*, 2014 WL 6476125, at *17; *Diaz Rodriguez v. U.S. Customs and Border Protection*, Case No. 14-2716, 2014 WL 4675182, at *2-3 (W.D. La., Sept. 18, 2014).

**CONCLUSION**

This Court lacks jurisdiction over the claims contained in the Complaint because those claims have been mooted by recent developments.  Moreover, the Complaint fails to state any constitutional claim against Defendants upon which this Court may grant relief.  Accordingly, Defendants respectfully request that this Court dismiss the Complaint.

Dated: December 18, 3014

RONALD C. MACHEN JR.
D.C. BAR # 447889
United States Attorney for
 the District of Columbia

DANIEL F. VAN HORN
Chief, Civil Division
D.C. Bar #924092

BY: _/s/ Wynne P. Kelly_____
WYNNE P. KELLY
Assistant United States Attorney
555 Fourth St., N.W.
Washington, D.C.  20530
Wynne.kelly@usdoj.gov
Phone: (202) 252-2545

Respectfully submitted,

JOYCE R. BRANDA
Acting Assistant Attorney General
Civil Division

LEON FRESCO
Deputy Assistant Attorney General
Civil Division

WILLIAM C. PEACHEY
Director, District Court Section
Office of Immigration Litigation

ELIZABETH J. STEVENS
Assistant Director, District Court Section
Office of Immigration Litigation

BY:  /s/ Sarah B. Fabian_____
      SARAH B. FABIAN
      Trial Attorney, District Court Section
      Office of Immigration Litigation
      Civil Division, U.S. Department of Justice
      P.O. Box 868, Ben Franklin Station
      Washington, D.C.  20044
      Phone: (202) 532-4824
      Fax: (202) 616-8962
      Sarah.B.Fabian@usdoj.gov

      Attorneys for Defendants

13

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 18th day of December 2014, I electronically filed the

foregoing documents with the Clerk of the Court using CM/ECF, which will automatically serve

all counsel of record with a copy of said document.


BY:  <u>/s/ *Sarah B. Fabian*_____</u>
SARAH B. FABIAN
Trial Attorney, District Court Section
Office of Immigration Litigation
Civil Division
U.S. Department of Justice
P.O. Box 868, Ben Franklin Station
Washington, D.C.  20044
Phone: (202) 532-4824
Fax: (202) 616-8962
Sarah.B.Fabian@usdoj.gov

Attorney for Defendants